**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMAL MOHAMED,<br><br>*Plaintiff*,<br>v.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security, et al.<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 26 C 4541<br><br>Chief Judge Virginia M. Kendall |

**OPINION AND ORDER**

Plaintiff Amal Mohamed, a United States citizen, filed this action against the U.S. Secretary of the Department of Homeland Security ("DHS"), Director of the U.S. Citizenship and Immigration Services ("USCIS"), and the Director of the USCIS Service Center Operations Directorate (collectively, "Defendants') to compel further action on the I-130 visa application she filed on behalf of her husband, Nabil Nasser, a citizen of Yemen. Mohamed brings her claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361. Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Mohamed's claims are now moot, and that she has otherwise failed to state a claim upon which relief can be granted. For the reasons set forth below, Defendants' Motion [17] is granted.

**BACKGROUND**

The following facts are set forth in the Complaint, except where noted, which the Court accepts as true for the purposes of a motion to dismiss. *See Lavalais v. Village of Melrose Park*,

734 F.3d 629, 632 (7th Cir. 2013). The Court also refers to facts from "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

## I. I-130 Visa Applications

The Immigration and Nationality Act ("INA") governs the admission of noncitizens into the United States. 8 U.S.C. § 1101 *et seq*. Pursuant to the INA, "a noncitizen seeking to reside permanently in the United States and obtain a path to eventual citizenship must obtain an immigrant visa." *Ebrahimi v. Blinken*, 732 F. Supp. 3d 894, 899 (N.D. Ill. 2024) (citing 8 U.S.C. §§ 1101(a)(15), 1181(a), 1182(a)(7), 1184(a)). A noncitizen seeking admission to the United States bears the burden of establishing eligibility to receive a visa. See 8 U.S.C. § 1361; 22 C.F.R. § 40.6.

An I-130 visa is a family-based visa. *See* 8 U.S.C. §§ 1153(a), 1154(a)(1)(A)(i), (a)(1)(B)(i)(I), 8 C.F.R. § 204.1(a)(1). There is a two-step process to obtain an I-130 visa. First, a U.S. citizen or lawful permanent resident must file a Form I-130 petition with USCIS. 8 U.S.C. § 1154(a). USCIS will approve the form if the applicant sufficiently establishes a familial relationship with their noncitizen relative. 8 U.S.C. § 1154(b). Next, the applicant must complete either a Form I-185 or Form DS-260, depending on whether their noncitizen relative is in the United States. *See* 8 U.S.C. § 1255; 8 U.S.C. § 1202(a); 22 C.F.R. § 42.61(a). USCIS then transfers the case to the U.S. Consulate so a consular officer can interview the potential visa recipient. *See* 8 U.S.C. §§ 1154(b), 1201(a), (h). Upon completion of the interview, the consular must issue or refuse the visa. *See* 22 C.F.R. § 42.81(a).

**II. Mohamed's Form I-130 Application**

Mohamed is a naturalized citizen of the United States. (Dkt. 1 ¶ 10). She married Nasser, a Yemeni national, on October 30, 2023 in Illinois. (*Id.* ¶ 11). They have one child. (*Id.* ¶ 16). On November 14, 2024, Mohamed filed a Form I-130 (the "Petition") with USCIS on behalf of Nasser. (*Id.* ¶ 12); (Dkt. 1-3). The Petition is being processed by the USCIS Texas Service Center in Irving, Texas. (Dkt. 1 ¶ 12); (Dkt. 1-3). As of the filing of the Complaint, his application was pending for over 17 months. (Dkt. 1 ¶¶ 13-15). Additionally, at that time, USCIS had not scheduled a biometrics appointment or an interview with Mohamed or Nasser. (*Id.* ¶¶ 13-14). Nasser is currently in removal proceedings before the Immigration Court in Chicago, Illinois, and Mohamed asserts that the success of his defense in those proceedings depends on the "speedy adjudication" of the Petition. (*Id.* ¶ 17).

Mohamed filed this action on April 22, 2026, seeking to compel the adjudication of the Petition under Section 706(1) of the APA or the Mandamus Act. (Dkt. 1). She argues that Defendants are unlawfully withholding or unreasonably delaying the final adjudication of the Petition. (*Id.* ¶ 19). On June 5, 2026, Defendants issued a Request for Evidence ("RFE") to Mohamed regarding the Petition. (Dkt. 18 at 1); (Dkt. 18-1). Defendants now move to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6). Despite being ordered to respond to the Motion by July 21, 2026, Mohamed has not filed a Response. (Dkt. 19).

**LEGAL STANDARDS**

"Mootness strips a federal court of subject-matter jurisdiction." *Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 894 F.3d 807, 815 (7th Cir. 2018); *see also E.F.L. v. Prim*, 986 F.3d 959, 962 (7th Cir. 2021) (if a claim becomes moot, "federal courts lose subject matter jurisdiction over the case"). As such, Motions to dismiss for mootness are analyzed under Rule 12(b)(1). *See*

*St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). While the plaintiff bears the burden of establishing subject matter jurisdiction, *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014), the defendant bears the burden of establishing that a court no longer has jurisdiction if it raises a mootness challenge. *West Virginia v. EPA*, 597 U.S. 697, 719 (2022). Additionally, Defendants' Motion is properly understood as a factual challenge to subject-matter jurisdiction because it relies on evidence—namely, the RFE issued to Mohamed—to show that Mohamed's claims are moot. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) ("A factual challenge contends that there is in fact no subject matter jurisdiction, even if the pleadings are formally sufficient.") (internal citation omitted). As such, the Court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists.

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). Specifically, "a plaintiff must allege 'enough facts to state a claim that is plausible on its face.'" *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 850 (7th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, the moving party bears the

burden of establishing the insufficiency of the plaintiff's allegations. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

## DISCUSSION

As a preliminary matter, the Court addresses Mohamed's failure to respond to Defendants' Motion. A failure to respond to a motion to dismiss does not automatically require a court to grant the motion because it does not override the movant's requirement under Rule 12(b)(6) to show entitlement to dismissal. *See Marcure v. Lynn*, 992 F.3d 625, 631-33 (7th Cir. 2021); *see also Swafford v. Jordan*, 2022 WL 2829762, at *2 (7th Cir. July 20, 2022) ("[D]istrict courts cannot rely solely on the plaintiff's lack of response as the reason to grant a motion to dismiss."). Accordingly, the Court will consider the sufficiency of Mohamed's Complaint. *Lynn*, 992 at 633 n.5 ("Courts remain free to rule on Rule 12(b)(6) motions even absent a response by looking to the complaint itself to determine the sufficiency of the pleadings.").

### I. Mootness

Defendants argue that the case is now moot because USCIS recently issued an RFE to Mohamed, indicating that the Petition is being adjudicated. (Dkt. 18 at 1). The Court is aware that at least one court in this District, and some courts in other Districts, have held that the issuance of an RFE moots a request to compel the adjudication of a pending immigration petition. *See Sabo v. Mayorkas*, 2024 WL 2863373, at *4 (N.D. Ill. June 5, 2024) (collecting cases). Yet, other courts have only found a case mooted by agency actions where, in addition to USCIS issuing an RFE, a plaintiff's application had proceeded to the interview stage or USCIS had scheduled a plaintiff's biometrics appointment. *See, e.g., Alqrinawi v. Noem*, 780 F. Supp. 3d 774, 777-78 (N.D. Ill. 2025); *Zuno Huaracha v. Edlow*, 831 F. Supp. 3d 691, 693 (N.D. Ill. 2026); *Chaudhari v. Noem*, 2026 WL 381617, at *2 (N.D. Ill. Feb. 5, 2026). These decisions indicate there is an open question

in this District as to when and how a plaintiff's request for agency action may be rendered moot. Nevertheless, since the Court is resolving the Motion on 12(b)(6) grounds, it need not resolve this jurisdictional issue.

## II. Rule 12(b)(6) Issues

Defendants also argue that Mohamed's Complaint should be dismissed under Rule 12(b)(6) because she cannot show an unreasonable delay under the APA. (Dkt. 18 at 9-14). Additionally, they assert that Mohamed's mandamus claim should be dismissed as duplicative of her APA claim and because she has failed to allege any facts indicating that such relief is appropriate here. (*Id.* at 14-15).

### A. Unreasonable Delay under the APA

In Count I, Mohamed seeks relief under the APA, claiming that the delay in the processing the Petition is unreasonable. (Dkt. 1 ¶¶ 23-27). The APA provides that agencies must conclude matters "within a reasonable time," and that courts "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § §555(b), 706(1). Congress has not, however, set a timeframe under which USCIS is required to process pending visa petitions. *See Calderon-Ramirez v. McCament*, 877 F.3d 272, 276 (7th Cir. 2017). "The immigration process may take years or even decades to complete, due in part to bureaucratic delays associated with reviewing immigration documents and in (still greater) part to long queues for the limited number of visas available each year." *Scialabba v. Cuellar de Osorio*, 573 U.S. 41, 45 (2014). Recognizing these circumstances, the Seventh Circuit in *Calderon-Ramirez* held that a year-and-a-half wait for the adjudication of a visa petition was not unreasonable. *Id.* at 276.

Here, Mohamed sought relief after approximately 17 months of waiting. (Dkt. 1 ¶¶ 13-15). While it has now been over 21 months since the Petition was filed, Mohamed's wait time is much

less than the approximately 167 months it currently takes USCIS to process the majority of its I-130 applications. *Processing Time for Petition for U Nonimmigrant Status (I-918) at Service Center Operations (SCOPS)*, U.S. Citizenship & Immigr. Servs., https://egov.uscis.gov/processing-times[1].

The Court is sympathetic towards any hardships that Mohamed, Nasser, and their family may be undergoing as a result of this wait. Nevertheless, with *Calderon-Ramirez* and other decisions from this District as guidance, the Court does not find that a 21-month delay is unreasonable[2]. *See Calderon-Ramirez v. McCament*, 877 at 276 (holding that an 18-month delay was not unreasonable under the APA); *Blinken*, 732 F. upp.3d at 911 (holding that, upon review of collected cases, the court was "not aware of any decision by any court concluding that an adjudication taking fewer than two years amounts to an unreasonable delay"); *Arif v. Rubio*, 2025 WL 1866661, at *10 (N.D. Ill. July 7, 2025) ("Courts rarely, if ever, find that delays fewer than two years are unreasonable."); *Salem v. Noem*, 2025 WL 1567864, at *8-9 (N.D. Ill. June 3, 2025) (granting motion to dismiss and finding no unreasonable delay under the APA where plaintiff had waited over two years for adjudication of I-130 visa application). Accordingly, the Court dismisses Count I.

[1] The Court takes judicial notice of USCIS's information concerning its processing of visa applications that is available as a matter of public record. *See Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019); *see also Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 648 (7th Cir. 2011) ("We have recognized the authority of a court to take judicial notice of government websites."); *Nayi v. Noem*, 799 F.Supp.3d 739, 745, 748 n. 3 (N.D. Ill. 2025) (taking judicial notice of publicly available statistics and information concerning USCIS's processing of U-visas).

[2] Courts in this District generally use a six-factor test from six-factor test from *Telecomms. Research & Action Ctr. v. FCC ["TRAC"]*, 750 F.2d 70, 80 (D.C. Cir. 1984) to evaluate claims of unreasonable delay in the processing of visa petitions under the APA. *See Salem*, 2025 WL 1567864, at *6. But the *TRAC* factors are not mandatory; indeed, in *Calderon-Ramirez*, the Seventh Circuit affirmed the dismissal of an APA unreasonable delay claim without reference to the factors. *See Calderon-Ramirez*, 877 at 276; *see also Nayi*, 799 F.Supp.3d at 748 (recognizing that the *TRAC* factors are not mandatory); *Patel v. Noem*, 2025 WL 2673191, at *4 (N.D. Ill. Sept. 17, 2025) (same). Given the precedent on unreasonable delay discussed above and Mohamed's failure to respond to the Motion, the Court finds it unnecessary to apply the factors here.

**B. Mandamus Relief**

Mohamed also asks the Court to compel adjudication of the Petition under the Mandamus Act in Count II of the Complaint. (Dkt. 1 ¶¶ 28-36). District courts have jurisdiction to issue a writ of mandamus to compel an agency to perform a duty owed to a plaintiff. 28 U.S.C. § 1361; *Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002). "Mandamus relief will be granted if the plaintiff can demonstrate that the three enumerated conditions are present: (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Calderon-Ramirez*, 877 F.3d at 275 (cleaned up).

Since Mohamed is seeking the same relief under the APA, she cannot satisfy the third element. *See Nayi*, 799 F.Supp.3d at 751 (recognizing that "[c]ourts have often found that mandamus is not appropriate where the claim seeks the same relief for unreasonable delay by USCIS as an accompanying APA claim"); *Arif*, 2025 WL 1866661, at *9 (N.D. Ill. July 7, 2025) ("Where mandamus relief is duplicative of that under the APA, courts must dismiss the petition for writ of mandamus."). Additionally, Mohamed has not alleged any facts to suggest that her and Nasser's wait time has been more unreasonable than others waiting in the same line such that they have a right to "skip ahead" the petitioners who have filed an application before them. *See Calderon-Ramirez*, 877 F.3d at 275-76. Accordingly, Count II is dismissed.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss [17] is granted. Mohamed's Complaint [1] is dismissed without prejudice.

Virginia M. Kendall
United States District Judge

Date: September 9, 2026